November 16, 2011**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**The following constitutes
the order of the court. Signed November 16, 2011**

_____
**Charles Novack
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ROBERT RAY ECKSTROM,<br><br>Debtor. | Case No. 10-60958-CN<br><br>Chapter 7 |
| ROSEAN T. CONTRERAS-ECKSTROM,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT RAY ECKSTROM,<br><br>Defendant. | Adversary No. 11-05029<br><br>**MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

### INTRODUCTION

In this adversary proceeding, plaintiff Rosean T. Contreras-Eckstrom asserts that a $3,000.00 sanctions award against her ex-husband is a non-dischargeable obligation under Bankruptcy Code §§ 523(a)(5) and (a)(15). Plaintiff contends that this amount, which was awarded by the Santa Clara County Superior Court in the parties' dissolution action, is a non-dischargeable domestic support obligation or other order arising from the parties' dissolution action. Plaintiff now seeks summary judgment on her claims. The defendant did not oppose the motion. For the reasons set forth below, the court grants the summary judgment motion.

The court has jurisdiction over this adversary proceeding as a core matter pursuant to 28 U.S.C. § 157(b)(2)(I). The following represents the court's conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**FACTS**

The underlying facts in this adversary proceeding are undisputed. Defendant filed his Chapter 7 bankruptcy on October 21, 2010. When he filed his Chapter 7, defendant and plaintiff were parties to a marital dissolution action pending in the Santa Clara County Superior Court, case no. 1-05-FL-125938 (the "Dissolution Action"). During the Dissolution Action, plaintiff (who was the petitioning party) sought to compel defendant to pay $27,500.00 of her attorneys fees under California Family Code § 2030.[1] While the Santa Clara Superior Court denied the motion for fees under § 2030, it determined that defendant's conduct in the course of discovery related to the attorney's fees motion merited a sanction award against him. In an order issued on October 15, 2010 (the "October 15th Order"), the Santa Clara County Superior Court awarded $3,000.00 in sanctions against the defendant, which sum was to be paid directly to plaintiff's dissolution attorney, Thomas Bloom. The sanctions were awarded to Bloom under § 271of the California Family Code, which states, in pertinent part, that "The court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation, and where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction ...." The October 15th Order stated that the $3,000.00 award was "appropriate under the circumstances," and required defendant to pay this amount in monthly installments of $300.00, which the Superior Court determined would not "impose an unreasonable financial burden on him." Defendant filed his Chapter 7 bankruptcy immediately after the

---

[1] California Family Code §2030(a)(1) states in pertinent part that "In a proceeding for dissolution of marriage ... the court shall ensure that each party has access to legal representation ... to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party ... to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding."

2

October 15th Order was entered, and has not paid any of the sanctions. Plaintiff has submitted a declaration in support of her motion that the $3,000.00 will be used to reduce Bloom's outstanding attorneys fees.

## PROCEDURE ON SUMMARY JUDGMENT

The summary judgment standard under F.R.B.P. 7056 is well settled. Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Only disputes "over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). This court's duty is not to weigh the evidence and decide the truth of the allegations, but to determine whether there is a genuine issue for trial. *Id*. at 249. As stated above, the facts herein are undisputed, so this court need only decide whether they support a non-dischargeable claim under Bankruptcy Code §§ 523(a)(5) or (a)(15).

## LEGAL ANALYSIS

The Bankruptcy Code contains two provisions which, when taken as a whole, make virtually all orders arising from a dissolution action non-dischargeable in a Chapter 7 bankruptcy. First, "domestic support obligations" are non-dischargeable under Bankruptcy Code § 523(a)(5). A domestic support obligation is a defined term under the Bankruptcy Code. Section 101(14)(A) provides in pertinent part that a domestic support obligation "means a debt that accrues before, on, or after the date of the order for relief in a case under this title ... that is (A) owed to or recoverable by - (I) a spouse, former spouse, or child of the debtor ... in the nature of alimony, maintenance, or support ... of such spouse, former spouse or child of the debtor ... without regard to whether such debt is expressly so designated; ... established ... by reason of applicable provisions of - ... (ii) an order of a court of record...." While courts have held attorneys fees incurred in the course of establishing

3

support or custody awards to be non-dischargeable[2], the Superior Court did not award the sanctions as in the context of awarding or enforcing a support order. Accordingly, the court denies summary judgment on plaintiff's § 523(a)(5) claim for relief.

The court does grant summary judgment on plaintiff's claim for relief under § 523(a)(15). Section 523(a)(15) provides in pertinent part that obligations owed to a "spouse, former spouse or child of the debtor and not of the kind described in paragraph (5) that is incurred in the course of a divorce of separation or in connection with a separation agreement, divorce decree or other order of a court of record ...." is non-dischargeable.  The October 15th Order satisfies these elements.  First, the $3,000 sanction award, while awarded to Bloom, is an obligation owed to plaintiff.  Direct payments to an attorney may be deemed to be an obligation to the former spouse where it would be exalting form over substance to fail to treat it as such. See *In re Chang*, 163 F.3d 1138, 1142 (9th Cir. 1998). Plaintiff's declaration unequivocally states that the sanction will directly benefit her, as it will be applied to Bloom's attorney's fee bill.  Accordingly, the sanction award is an obligation owed to plaintiff under § 523(a)(15). See *In re Tarone*, 434 B.R. 41, 49 (Bankr. E.D.N.Y. 2010).  Since the Defendant incurred this debt in the course of the Dissolution Action, the $3,000.00 sanctions award is non-dischargeable under Bankruptcy Code § 523(a)(15).

Plaintiff shall submit an appropriate judgment for the court's review and signature.

Good cause appearing, IT IS SO ORDERED.

**** END OF ORDER ****

---

[2]  See, e.g., In re Chang, 163 F.3d 1138 (9th Cir. 1998).

4

# COURT SERVICE LIST

Thomas Bloom
Law Office of Thomas M. Bloom
401 Alberto Way, Suite 1, Office #7
Los Gatos, CA 95032

H. Jayne Ahn
Law Office of H. Jayne Ahn
2005 De La Cruz Blvd. #281
Santa Clara, CA 95050

5